# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAMERON S. COCKROFT ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2118-KHV |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Cameron S. Cockroft appeals the final decision of the Commissioner of Social Security which found that he was disabled from December 31, 2004 to January 7, 2006 but which denied plaintiff disability insurance benefits (DIB) and supplemental income (SSI) from January 8, 2006 forward. On April 12, 2010, Magistrate Judge Gerald B. Cohn recommended that the Commissioner's decision be reversed and that this case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings. See Report And Recommendation (Doc. #13) filed April 12, 2010. Plaintiff objects to the report and recommendation, and seeks remand for an immediate award of benefits. See Objections To Report And Recommendation Of U.S. Magistrate Judge (Doc. #14) filed April 26, 2010. For reasons set forth below, the Court overrules plaintiff's objections. The Court adopts the report and recommendation in its entirety and reverses and remands for further proceedings.

## Background

Plaintiff applied for DIB and SSI on February 18, 2005. On May 24, 2007, the ALJ heard testimony from plaintiff, plaintiff's mother and a vocational expert. On June 21, 2007, the ALJ entered a partially favorable decision, concluding that plaintiff was entitled to benefits for the period

of disability from December 31, 2004 to January 7, 2006. The ALJ found that plaintiff had shown medical improvement and was not disabled after January 7, 2006. Plaintiff alleges that the ALJ improperly found medical improvement after January 7, 2006 because he erred in (1) evaluating the credibility of testimony by plaintiff and plaintiff's mother; and (2) weighing the opinion of plaintiff's treating physician. Plaintiff asserts that the ALJ further erred in relying on vocational expert testimony which was based on the improper finding of medical improvement.

The Commissioner, in apparent agreement with some of plaintiff's claims of error, asks the Court to remand the case to the ALJ for further proceedings. Plaintiff opposes this request and urges the Court to remand for an immediate award of benefits rather than additional fact-finding.

**Legal Standards**

This Court has limited review of the Commissioner's determination that plaintiff is not disabled within the meaning of the Social Security Act. See Hamilton v. Sec'y of HHS, 961 F.2d 1495, 1497 (10th Cir. 1992). The Court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. Langley v. Barnhart, 373 F.3d 1116, 1118 (10th Cir. 2004).

The Court reviews de novo those portions of the report and recommendation to which a party has made a written objection. See D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify the magistrate judge's disposition. 28 U.S.C. § 636(b)(1).[1] In the Court's

---

[1] Section 636(b)(1) provides in part as follows:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive

(continued...)

de novo review, it must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995). The Court has considered plaintiff's objections to Judge Cohn's report and carefully reviewed the record and the report and recommendation.

## **Analysis**

In considering a possible remand, this Court has discretion to remand either for further administrative proceedings or for an award of immediate benefits. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding which kind of remand to issue, the Court considers the length of time the matter has been pending and whether remand for additional fact-finding would serve any useful purpose or would merely delay the receipt of benefits. Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006). The Court should direct an award of benefits only if the administrative record has been fully developed and when substantial and uncontradicted evidence indicates that claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3d Cir. 1986); see Mosher v. Astrue, 479 F. Supp.2d 1196, n.4 (D. Kan. 2007) (remand for further proceedings generally required unless it would serve no purpose).

The magistrate found that the ALJ erred in weighing the opinion of plaintiff's treating psychiatrist, Dr. Lauchland, and that the finding of medical improvement was therefore unsupported by substantial evidence in the record as a whole. The magistrate recommended that on remand the ALJ properly evaluate Dr. Lauchland's opinion and in light of Dr. Lauchland's opinion, consider whether medical improvement which is related to ability to work has occurred.

---

[1](...continued)
further evidence or recommit the matter to the magistrate judge with instructions.

Plaintiff contends that Dr. Lauchland's opinion is uncontradicted and that even if the ALJ obtained a contrary assessment from an examining physician, Dr. Lauchland's opinion would still be entitled to substantial or controlling weight. See Plaintiff's Objections (Doc. # 14) at 2-3. As the magistrate judge noted, "whether the record establishes disability and entitlement to benefits is an extremely close question in this case, but the court is not convinced that the evidence is unequivocal that plaintiff is disabled." Report And Recommendation (Doc. #13) at 27-28. Here, the ALJ did not properly weigh Dr. Lauchland's opinion and the Court may not weigh the evidence in the first instance. See Casias v. Sec'y of HHS., 933 F.2d 799, 801 (10th Cir. 1991); cf. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (Commissioner must give great weight to opinion of treating physician unless good cause shown to contrary). The Court adopts the well-reasoned report and recommendation and finds that the case should be remanded for further proceedings.

**IT IS THEREFORE ORDERED** that plaintiff's Objections To Report And Recommendation Of U.S. Magistrate Judge (Doc. #14) filed April 26, 2010 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision be and hereby is **REVERSED**. This case is **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.

Dated this 6th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge